**In the Matter of Robert D. ROACHE, II.**

**No. 1078S239.**

Supreme Court of Indiana.

April 11, 1983.

Karl J. Stipher, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Martha S. Hoover, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM.

The Disciplinary Commission and the Respondent in this cause, Robert D. Roache, II, have entered into and have tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline, all pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has further submitted his affidavit as required by Ind.R. A.D. 23, Section 17(a).

This Court, having examined and considered the agreement, now finds that it should be approved. Accordingly, we find that the Respondent, Robert D. Roache, II, is an attorney heretofore admitted to the Bar of this State on October 9, 1974. On or about October 18, 1977, the Respondent was retained by John F. Wilkins to represent and counsel him in the purchase of a business known as "Gutter-Flo of Indianapolis". The Vendors, through their agent, Ron Brown Realty, Inc., made an offer and the Respondent prepared a counteroffer on behalf of Wilkins. This counteroffer was rejected, but shortly thereafter, Brown Realty presented Wilkins with a modified form of the original offer. While no closing date was set, the parties orally agreed that the modified offer would expire on November 4, 1977.

From the time of receiving the counteroffer, Wilkins insisted on negotiating with the Vendors directly and, on November 4, 1977, without the benefit of Respondent's counsel, met with the Vendors and extended the expiration date to November 7, 1977. On the morning of November 7, Wilkins telephoned the Respondent for further consultation. The Respondent informed Wilkins that he could not represent him because the Respondent was now representing his brother who was also interested in purchasing the business. That morning Wilkins informed the Vendors that the Respondent could not represent him and that, under those circumstances, he would not commit himself to the closing and they were free to accept other offers.

About 1:00 P.M. of the same day, the Respondent met with Ron Brown of Ron Brown Realty and was informed that Wilkins was unable to commit himself and was no longer interested. The Respondent then signed an offer to purchase and a business purchase agreement and deposited $6,000 earnest money with Ron Brown Realty. On November 15, 1977, the Respondent was informed by Wilkins' new attorney that Wilkins remained interested in the purchase. On November 16, 1977, the Respondent offered to assign to Wilkins his interest in the business, an offer which Wilkins declined. On November 18, 1977, the Respondent notified Brown Realty that he was rescinding his offer to purchase.

Although Wilkins was able to ultimately purchase the business, the Respondent's untimely withdrawal caused Wilkins unnecessary delay and inconvenience in procuring the business.

We conclude from the foregoing findings that the Respondent used the confidence of his client to the disadvantage of the client and to his own advantage, in violation of the *Code of Professional Responsibility for*

*Attorneys at Law,* Disciplinary Rule 4–101(B)(2) and (3). Furthermore, the Respondent withdrew from employment without having taken reasonable steps to avoid foreseeable prejudice to the rights of his client, in violation of Disciplinary Rule 2–110.

As Ethical Consideration 4–1 states, the proper functioning of the legal system requires the preservation by the lawyer of confidences and secrets of one who has employed or sought to employ him. This element of trust is the very essence of the attorney-client relationship. The facts set out herein establish that the Respondent breached his fiduciary duty to his client and used his position as a lawyer and adviser to his own advantage.

In light of the foregoing considerations and accepting the agreement of the parties, this Court hereby reprimands and admonishes the Respondent, Robert D. Roache, II, for his misconduct as found in this cause.

Costs of this proceeding are assessed against the Respondent.